Holland & Knight, LLP
James H. Hohenstein (JH 3285)
Lissa D. Schaupp (LS 6300)
195 Broadway, 24th Floor
New York, NY 10007
(212) 513-3200
Telefax: (212) 385-9010
E-mail: jim.hohenstein@hklaw.com
lissa.schaupp@hklaw.com

Attorneys for Plaintiff,
Auckland Shipping Company, London

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

AUCKLAND SHIPPING COMPANY,
LONDON,                                           :       07 Civ. 4139 (McMahon)

                                                  :       **VERIFIED COMPLAINT**

               Plaintiff,                         :

                                                          FILED: MAY 29, 2007
        - against -                               :

WESTERN BULK CARRIERS KS,                         :

               Defendant.
------------------------------------x

    Plaintiff, Auckland Shipping Company, London ("Auckland" or "Plaintiff"), by and through its attorneys, Holland & Knight, LLP, for its complaint against defendant Western Bulk Carriers KS ("Defendant"), respectfully alleges upon information and belief as follows:

    1.    This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all times material herein, Plaintiff was and is a business entity organized and existing under the laws of foreign countries (England and Wales) with a principal place of business at 25 Dorset Square, London, NW1 6QG.

3. Upon information and belief, at all times material herein, Defendant was and is a business entity organized and existing under the laws of a foreign country with a principal place of business at Karenslyst alle 8b, P.O. Box 78, Skøyen, N-0212 Oslo, Norway.

4. On or about January 12, 2004, Auckland, as owner, and Defendant, as charterer, entered into a time charter party ("Charter Party") for the charter of the vessel M/V LUCASTA (the "Vessel"). A true copy of the Charter Party is annexed hereto as Exhibit 1.

5. Under Clause 10 of the Charter Party, the parties agreed that Defendant would pay Auckland US $23,750 daily hire (net of commissions) commencing from the day of the Vessel's delivery until the hour of the Vessel's redelivery. (Exhibit 1, lines 126-31).

6. Under Clause 60 of the Charter Party setting for the terms of hire payment, where there is a failure to make a hire payment on the date the payment is due, Auckland must give the Defendant notice of two banking days to rectify the failure. (*Id.*, in "Additional Clauses to M.V. "LUCSATA" Charter Party dated 12th January 2004.").

7. Under Clause 45, the Charter Party further requires the parties arbitrate any and all disputes arising under the Charter Party in London, and that any disputes arising under the Charter Party shall be governed by English law. (*Id.*, lines 510-16.).

8. Pursuant to the terms of the Charter Party, the Vessel was duly delivered to Defendant.

9. During the performance of the Charter Party, on November 7, 2005, the installment payment for hire due under the Charter Party (that being the hire payment

2

corresponding to Defendant's Hire Statement No 46, discussed *infra*) for the period of November 7, 2005 through November 22, 2005 was due to Auckland from Defendant in the amount of US $358,110.00.

10. As is customary, Defendant provided hire statements to Auckland.

11. In an email message sent on November 7, 2005 from Auckland to Defendant, Auckland requested that Defendant confirm that it would submit its usual hire statement and make payment to Auckland in the amount of US $358,110.00. A true copy of the November 5, 2005 e-mail from Auckland to Defendant is annexed hereto as Exhibit 2. As noted therein, the hire payment was due on November 7, 2005.

12. On November 8, 2005, Defendant submitted its Hire Statement No. 46, dated November 7, 2005, purporting to show a balance due to Defendant in the amount of US $83,626.67. A true copy of Hire Statement No. 46 is annexed hereto as Exhibit 3.

13. Auckland promptly put Defendants on notice that Hire Statement No. 46 was incorrect because Hire Statement No. 46 did not account for the hire due for the period of October 19, 2005 to November 7, 2005 during which the Vessel remained on hire for the entire period. A true copy of the aforesaid notice is annexed hereto as Exhibit 4.

14. Despite such notice but consistent with Defendant's erroneous Hire Statement No. 46, Defendant's deducted the sum of US $83,626.67 from the next installment payment for hire.

15. In breach of Clauses 10 and 60 of the Charter Party, Defendant failed to pay Auckland the installment payment for hire due under the Charter Party for the period of November 7, 2005 to November 22, 2005 (that being the hire payment corresponding to Defendant's Hire Statement No. 46), and Defendant wrongfully deducted the amount US $83,626.67 from the next installment payment for hire under the Charter Party.

16. As such, hire is due Auckland under the terms of the Charter Party in the amount of US $441,736.67.

17. On the other hand, Auckland has performed all of its obligations owed to Defendant under the Charter Party.

18. As noted above, according to the terms of the Charter Party, disputes between the parties arising under the Charter Party are to be arbitrated in London. Accordingly, Auckland initiated arbitration proceedings in London and submitted its initial claim submission in June 2006. That arbitration proceeding is on-going. Thus, the action herein cannot be and is not a waiver of Auckland's rights to arbitration under the Charter Party.

19. Under English law, in addition to the amount claimed, Auckland is entitled to receive its interest, expenses, and reasonable attorneys' fees for prosecuting its claim to completion.

20. Upon information and belief, it will take approximately two years and a half for Auckland to prosecute its claims against Defendant to completion in the London arbitration proceedings, thus Auckland's interest claim must run from November 7, 2005, until December 31, 2008, the estimated time for the completion of the arbitration proceedings.

21. In summary, as best as can now be estimated, Auckland's claim herein is as follows:

|   |   |   |
|---|---|---|
| A. | On the principal claim: | $ 441,736.67 |
| B. | Interest on the principal claim ($441,736.67) at 5% per annum (compounded annually), from November 7, 205 until December 31, 2008: | $ 73,548.71 |
| C. | Arbitration Costs (arbitrators' fees, etc.): | $ 100,000.00 |
| D. | Attorneys' fees: | $ 100,000.00 |
| Total: |  | $ 715,285.38 |

15.     The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Supp. Rules"), but, upon information and belief, Defendant has or will have, during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, Bank of America, N.A., The Bank of New York, Citibank, N.A., Deutsche Bank Trust Company Americas, HSBC Bank USA, N.A., JPMorgan Chase Bank, N.A., UBS AG, Wachovia Bank, N.A., Société Générale, Standard Chartered Bank, BNP Paribas, Calyon Investment Bank, American Express Bank, Commerzbank, ABN Amro Bank, Bank Leumi USA, Fortis Financial Groups, Banco Popular, and Bank of Tokyo-Mitsubishi UFJ Ltd., which are believed to be due and owing to the Defendants.

16.     While all disputes arising out of the Charter Party are to be arbitrated in London, England, the action herein is submitted in accordance with Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Civil Rules of Federal Procedure. Plaintiff seeks an order from this Court directing the Clerk of the Court to issue Process of Maritime

Attachment and Garnishment pursuant to Rule B attaching, *inter alia,* any assets of Defendant held by aforesaid garnishees for the purpose of securing Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supp. Rules, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supp. Rules attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including, but not limited to, Bank of America N.A., The Bank of New York, Citibank, N.A., Deutsche Bank Trust Company Americas, HSBC Bank USA, N.A., JPMorgan Chase Bank, N.A., UBS AG, Wachovia Bank, N.A., Société Générale, Standard Chartered Bank, BNP Paribas, Calyon Investment Bank, American Express Bank, Commerzbank, ABN Amro Bank, Bank Leumi USA, Fortis Financial Groups, Banco Popular, and Bank of Tokyo-Mitsubishi UFJ Ltd., which are due and owing to the Defendant in the amount of $715,285.38, calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and,

D.  That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, NY
       May 29, 2007

>                     Respectfully submitted,
>                     Holland & Knight, LLP
>
>                     By _____
>                     James H. Hohenstein  (JH 3285)
>                     Lissa D. Schaupp (LS 6300)
>                     195 Broadway 24th Floor
>                     New York, NY  10007
>                     Tel.: (212) 513-3200
>                     Telefax: (212) 385-9010
>                     E-mail: jim.hohenstein@hklaw.com
>                             lissa.schaupp@hklaw.com
>
>                     Attorneys for Plaintiff,
>                     Auckland Shipping Company, London

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK)

JAMES H. HOHENSTEIN, being duly sworn, deposes and says:

I am a member of the firm of Holland & Knight, LLP, counsel for Auckland Shipping Company, London ("Auckland"), plaintiff in the foregoing action. I have read the foregoing Verified Complaint and know the contents thereof, and the same are true and correct to the best of my knowledge. I have reviewed documentation provided to me by Auckland and discussed this matter with Auckland's representatives. I am authorized by Auckland to make this verification, and the reason for my making it as opposed to an officer or director of Auckland is that there are none available within the jurisdiction of this Honorable Court.

James H. Hohenstein (JH 3285)

Sworn to before me this
29th day of May 2007

Notary Public

RUDY D. GREEN
Notary Public, State of New York
No. 02GR4952723
Qualified in Queens County
Certificate Filed in New York County
Commission Expires February 26, 2010

# 4542865_v1